## Reappointment of Turnpike Commissioners

BARD, Attorney General, November 29, 1938.—We have your request to be advised concerning whether you as Governor may appoint to membership in the Pennsylvania Turnpike Commission a person whose previous appointment to such office has been rejected by the Senate.

The Pennsylvania Turnpike Commission was established by the Act of May 21, 1937, P. L. 774. Section 4 of that act creates the commission as an instrumentality of the Commonwealth. The Secretary of Highways is a member ex officio and the four remaining members are to be appointed by the Governor "by and with the advice and consent of two-thirds of the members of the Senate". The members were to serve for terms of 4, 6, 8, and 10

years from the dates of their appointment, and "until their respective successors shall be duly appointed and qualified". The successors were to be appointed for 10 years, except in case of vacancies.

While The Administrative Code of April 9, 1929, P. L. 177, was not amended so as to include within its scope the Pennsylvania Turnpike Commission as an administrative commission, nevertheless, the language in section 4 of the Act of 1937, supra, pertaining to the appointment of members of the commission by the Governor "with the advice and consent of two-thirds of the members of the Senate" is substantially the same as that contained in section 207 of The Administrative Code, supra, which directs the Governor to appoint the various department heads "by and with the advice and consent of two-thirds of all the members of the Senate". Likewise the provisions in the 1937 act and section 208 (c) of The Administrative Code are substantially similar in that the terms of appointees are for a certain fixed term and until their successors shall have been appointed and qualified.

Article IV, sec. 8, of the Pennsylvania Constitution provides, in part, as follows:

"He [the Governor] . . . shall have power to fill all vacancies that may happen, in offices to which he may appoint, during the recess of the Senate, by granting commissions which shall expire at the end of their next session".

The Supreme Court of Pennsylvania construed this constitutional provision in Commonwealth ex rel. v. Snyder et al., 261 Pa. 57 (1918). In that case the Governor reappointed as Commissioner of Banking a person whose name had been rejected by the Senate for such office. The court decided that the Governor had the power to appoint such a rejected nominee after the adjournment of the Senate for a term of office until the end of the next session of the Senate, but that he might not appoint such a rejected nominee for the full or unexpired term.

The analogy between that case and the present situation is clear. The Commissioner of Banking was to be appointed by the Governor "by and with the advice and consent of the Senate"; and he was to hold his office for a term of four years and until his successor was duly qualified. Thus it is apparent that substantially the same statutory provisions were construed by the Supreme Court as are contained in section 4 of the 1937 act. Since this decision of the Supreme Court does not appear ever to have been modified or overruled we are bound to consider it as the law today, even though the majority opinion of the court was opposed by a vigorous dissenting opinion.

Accordingly, you are advised that you as Governor may reappoint to membership in the Pennsylvania Turnpike Commission a person whose previous appointment to such office has been rejected by the Senate. This appointment cannot be made until the close of the present session of the Senate and should be for a term of office which will expire at the end of the next session of the Senate.